UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MERRILL LYNCH COMMERICAL
FINANCE CORP.,

                Plaintiff,

        -against-

ALL STATE ENVELOPES LTD., RITA L.
FRIEDMAN, ISAAC FRIEDMAN, and JOHN
DOE # 1 THROUGH JOHN DOE #12, the last
twelve names being fictitious and unknown to
Plaintiff, being persons having or claiming an
interest in or lien upon the Collateral described in
the complaint,

                Defendants.
-----------------------------------------------------------------X

MEMORANDUM & ORDER

09-CV-0785 (NGG)(JMA)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Merrill Lynch Commercial Finance Corporation ("MLCFC" or "Plaintiff") brings this action against Defendants All State Envelopes Ltd. ("All State"), Rita L. Friedman, and Isaac Friedman, alleging breach of a commercial financing agreement and underlying guaranty. For the reasons set forth below, Plaintiff's unopposed motion for summary judgment is GRANTED.

## I. BACKGROUND

Defendants have not responded to MLCFC's Rule 56.1 Statement (Docket Entry # 11) or the underlying Declaration of Tracy Salyers (Docket Entry # 12 ("Salyers Declaration")). The facts contained in those submissions are therefore deemed admitted.[1] See Giannullo v. City of

---

[1] Defendants' Answer is not verified, and therefore cannot be treated as an affidavit for summary judgment purposes. See Fed R. Civ. P. 56(e); Yearwood v. LoPiccolo, No. 95 Civ. 2544, 1998 U.S. Dist. LEXIS 12302, at *14 (S.D.N.Y. Aug. 10, 1998) (Chin, J.).

1

New York, 322 F.3d 139, 140 (2d Cir. 2003); Local Civil Rule of the United States District Courts for the Southern and Eastern Districts of New York 56.1(c).

In January 2002, All State, a New York corporation with its principal place of business in Brooklyn, New York, entered into a Working Capital Management Account Loan and Security Agreement ("WCMA Agreement" or "Agreement") with Merrill Lynch Business Financial Services ("MLBFS"), under which MLBFS extended a $250,000 commercial line of credit to All State. (Salyers Decl. Ex. A (WCMA Agt.) ¶ II(F).) The WCMA Agreement included a promissory note requiring All State to pay to MLBFS, on a set maturity date, the aggregate unpaid principal amount of any loan under the Agreement, as well as any interest or other fees contemplated in the Agreement. (Id. General Terms ¶ 2.) The WCMA Agreement further provided that in the event of a default – including All State's failure to pay an amount due under the Agreement – all the monies borrowed by All State would immediately become due and owing, including interest, late fees, and any attorney's fees incurred in collecting the loan. (Id. ¶¶ 9(a)(ii), 10(d).) In order to secure the loan, Defendants Rita L. Friedman and Isaac Friedman entered into an agreement with MLBFS jointly and severally guaranteeing payment of all sums and other obligations due under the WCMA Agreement. (Salyers Decl. Ex. B (Unconditional Guaranty by Rita Friedman and Isaac Friedman) ("Unconditional Guaranty").)

The WCMA Agreement was initially scheduled to mature on January 31, 2003, but MLBFS extended the maturity date annually. (Salyers Decl. ¶ 4; WCMA Agt. ¶ II(C).) In December 2007, MLBFS assigned its interests in the WCMA Agreement and the Unconditional Guaranty to MLCFC. (Salyers Decl. Ex. C.) On August 19, 2008, MLCFC entered into an amendment agreement with Defendants extending the maturity date of the WCMA Agreement to December 31, 2008. (Id. Ex. D.) Defendants failed to pay the monies due by the maturity date. (Id. ¶ 9.) On February 10, 2009, Tracy Salyers, a Vice President of MLCFC, sent Defendants a

Notice of Default and a Demand For Payment. (Id. Ex. E.) Defendants failed to comply with this demand. (Id. ¶ 10.)

MLCFC commenced this action on February 25, 2009, and Defendants answered on April 6, 2009. (See Docket Entries ## 1, 4.) MLCFC moved for summary judgment on July 29, 2009. Defendants have not responded.[2]

## II. STANDARD

A grant of summary judgment in an action on a promissory note is appropriate where there is "no material question concerning execution and default" of the note. Royal Bank of Canada v. Mahrle, 818 F. Supp. 60, 62 (S.D.N.Y. 1993); see also Bankers Trust Co. v. F. D. Rich. Co., No. 90 Civ. 4827, 1991 U.S. Dist. LEXIS 14682 at *4 (S.D.N.Y. Oct. 16, 1991) (Wood, J.) ("Under New York law, summary judgment is proper when plaintiff establishes proof of a note and a defendant's failure to make payment according to its terms"). In an action on a guaranty, a plaintiff can establish a prima facie case of breach by proving the existence of a contract of guaranty and the obligor's failure to pay. Valley Nat'l Bank v. Greenwich Ins. Co., 254 F. Supp. 2d 448, 454 (S.D.N.Y. 2003); WestRM-West Risk Mkts. v. Lumbermens Mut. Cas. Co., 314 F. Supp. 2d 229, 232 (S.D.N.Y. 2004). "Once a prima facie case has been established, the plaintiff is entitled to summary judgment unless the defendant can assert defenses that would raise a genuine issue of material fact." Valley Nat'l Bank, 254 F. Supp. 2d at 454.

## III. DISCUSSION

In this case, it is clear that there is no issue as to any material fact, and that MLCFC is entitled to judgment as a matter of law. MLCFC's affidavits and documentary evidence

---

[2] Following Defendants' failure to respond to MLCFC's summary judgment motion, MLCFC submitted a letter notifying the court of Defendants' failure and including a proposed order of judgment. (Docket Entry # 14.) To the extent Plaintiffs are seeking a default judgment based on Defendants' failure to respond to the summary judgment motion, such relief is unavailable at this stage in the litigation. The Second Circuit has stressed that district courts, "in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004).

3

establish that All State entered into the WCMA Agreement with MLBFS; that Rita and Isaac Friedman each personally guaranteed the WCMA Agreement in the Unconditional Guaranty; that MLBFS assigned all interests in the WCMA Agreement and the Unconditional Guaranty to MLCFC;[3] that Defendants defaulted on the WCMA Agreement and the Unconditional Guaranty; and that Defendants failed to comply with a subsequent demand letter from MLCFC. Defendants assert in their Answer that they are entitled to certain affirmative defenses, see Answer at ¶¶ 13-22, but have failed to submit any evidence that would raise a genuine issue of fact as to the existence of those defenses. See Shechter v. Comptroller of City of New York, 79 F. 3d 265, 270 (2d Cir. 1996) ("affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy"); Overall v. Estate of L.H.P. Klotz, 52 F.3d 398, 403 (2d Cir. 1995) (defendant bears the burden of proof on affirmative defenses). Accordingly, MLCFC is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED. The issue of damages is respectfully referred to Magistrate Judge Joan Azrack for a report and recommendation.

SO ORDERED.

Dated: Brooklyn, New York
March 23, 2010

s/Nicholas G. Garaufis

_____
NICHOLAS G. GARAUFIS /
United States District Judge

---

[3] Under New York law, "any claim or demand can be transferred," N.Y. Gen. Oblig. Law § 13-101 (McKinney 2010), unless there is an express provision in the instrument prohibiting assignment. See Backman v. Hibernia Holdings, Inc., 96 Civ. 9590, 1998 U.S. Dist. LEXIS 11571, at *14 (S.D.N.Y. July 28, 1998) (guaranties are assignable unless applicable instruments expressly state otherwise).

4